JAMES RADLEY, Respondent, v. RICHARD T. CONNELL, Appellant.

*Action brought for an accounting — what may be shown in answer to a defense of settlement.*

In an action brought for an accounting on the theory that there is an open, unadjusted account between the parties, where a defense is interposed that there had been a valid and binding settlement of the account, the plaintiff, to avoid such settlement, is entitled to prove not only that no settlement was made, but also that the pretended settlement was fraudulent, incorrect and made under a mutual mistake, or any other fact that would show that it was invalid.

APPEAL by the defendant, Richard T. Connell, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 28th day of November, 1893, upon the report of a referee.

*N. F. Breen*, for the appellant.

*Rogers & Atwell*, for the respondent.

MARTIN, J.:

This was an action for an accounting between the parties. There had been dealings between them prior to November 8, 1889. Upon that day they had a settlement, and the plaintiff gave the defendant his note for $1,280.32, the amount claimed by the defendant to be due him, and executed and delivered to him a chattel mortgage to

secure the payment of such note. At the time the note and mortgage were given, the plaintiff was a tenant of the defendant, and they were given as security for the rent due from the plaintiff to the defendant at that date.

From that time until November 15, 1892, the plaintiff continued to occupy under the defendant a farm or farms, working it or them on shares. Between November 8, 1889, and November 15, 1892, a mutual account arose between the parties. During that time the defendant advanced and paid various sums of money for, and delivered various articles of property to, the plaintiff. During the same time the plaintiff delivered to the defendant, or to others by his order, substantially all the produce raised upon such farm or farms, a large amount of hay, straw, grain and other produce which was his individual property, performed labor and services for the defendant, and made various payments to him in cash.

On January 14, 1893, the defendant obtained from the plaintiff another chattel mortgage, in which it was stated that it was given as additional security for the payment of the debt secured by the note and mortgage given November 8, 1889. At the commencement of this action the defendant was about to foreclose such mortgages and sell the property for the payment of the amount of such note and interest. The defendant claimed at that time that the whole amount of the note, with interest from its date, was still due and unpaid, while the plaintiff claimed that the amount due the defendant was much less.

Upon the trial the referee found that the note for $1,280.32 and the mortgage first mentioned were given November 8, 1889, and that a mutual account subsequently existed between the parties. He then stated the account between them, and found that there was due from the plaintiff to the defendant only the sum of $748.83, including the amount secured by such note and chattel mortgages. He also found that the second mortgage was procured by the fraud of the defendant, was without consideration and void, and held that the plaintiff was entitled to a judgment adjudging: (1) That the amount of the plaintiff's indebtedness to the defendant was only the sum of $748.83, with interest from December 31, 1892 ; (2) that the chattel mortgage of November 8, 1889, should be enforced against the plaintiff for only that amount; (3) that the other chattel

mortgage was procured by fraud, was without consideration and void, and that the defendant acquired no lien upon the plaintiff's property by reason thereof; and (4) that the plaintiff should recover costs against the defendant.

The question principally litigated on the trial was whether there was a settlement between the parties on December 31, 1892. That the parties met on that day and attempted to adjust their accounts is undisputed. The defendant insists that a settlement was perfected. He claims that there was found due him the sum of about sixty dollars over and above the amount secured by such note, and that there was an agreement between the parties that the defendant would not require the payment of the sixty dollars thus due if the plaintiff would pay the amount secured by the note, which he agreed to do, and thus settle the accounts between them.

The plaintiff, while admitting that the account existing between the parties was considered by them at that time, that the defendant on that occasion claimed to figure up the accounts between them, and said that the plaintiff owed him about sixty dollars in addition to the amount of the note and interest, yet denied that he agreed to such settlement. He insists that being unable to read writing or to figure, he could not determine the correctness of the statement made by the defendant, and that he did not agree to the correctness of the account as figured or stated by him.

Upon this question the referee found that the plaintiff and defendant attempted to settle on that day; that after a statement of the account made by the defendant at that time and set forth in the findings of the referee, the defendant informed the plaintiff that there was due and owing him more than sixty-two dollars over and above the amount due upon the note, which then amounted to $1,519.70; that the plaintiff demurred to this claim, expressed great surprise at the amount, and insisted that he did not owe the defendant that sum; that at the time of such attempted settlement the parties did not stand upon an equality, as the defendant was a man of large experience in business affairs, apparently well educated, had been a party to many controversies and litigations, while the plaintiff was a man of little business experience, unable to write except his name, or read writing, possessed little or no education, and was unable to make a computation of the account; that all the figures and com-

putations made on the occasion were made by the defendant ; that the statement of the account in the defendant's handwriting made at that time shows that the amount of the plaintiff's indebtedness to the defendant was then only $977.38, and that the account even as made up by the defendant was incorrect ; that there was actually owing by the plaintiff to the defendant only the sum of $748.83, and that the defendant knew that the plaintiff's indebtedness to him did not exceed the sum of $977.38. The referee likewise found that on the attempted settlement the defendant prepared and caused to be signed by the plaintiff a memorandum as follows : " December 31, 1892. Settled with James Radley, due me the amount of note dated Nov. 8, 1889, to balance ac. (Signed.) James Radley ; " that the plaintiff was unable to read the memorandum signed by him ; that the contents were not fully explained to him by the defendant, and that the plaintiff signed the memorandum believing it to be a receipt for the vouchers and evidences of debt delivered to him by the defendant.

While there was a conflict in the evidence upon this question, still the plaintiff's evidence was sufficient to sustain the findings of the referee. Upon the facts as found, it is apparent that there was no binding settlement, and that there was no such statement of the accounts as would prevent the plaintiff from having the dealings between the parties properly and correctly settled. This has been done by the referee, and we think his findings and the judgment entered thereon should be upheld.

We have examined the various exceptions to which our attention has been called, to the rulings of the referee in the admission or rejection of evidence, but have found none that require a reversal of the judgment.

After the close of the evidence, the plaintiff's attorney moved to amend the complaint by setting up fraud on the part of the defendant, a mutual mistake in the attempted settlement, and by setting forth certain erroneous charges made by the defendant on such settlement. This amendment was objected to, the objection was overruled, and the defendant excepted. We discover nothing in this ruling which would require us to interfere with the judgment. If it be assumed that the amendment was not properly allowed, still it could in no way have injured the defendant. The

plaintiff's action was not on an account stated, but for an accounting on the theory that there was an open and unadjusted account between the parties. The defense, so far as this question is involved, was that there had been a valid and binding settlement between them. The plaintiff to avoid such settlement was entitled to prove that no settlement was made, and that the pretended settlement was fraudulent, incorrect, and made under a mutual mistake by the parties, or any other fact that would show that it was invalid. Hence, the evidence given was admissible under the pleadings as they stood originally, and the amendment could not have harmed the defendant.

A full and careful consideration of the evidence in the case has led us to the conclusion that the decision of the referee is fully sustained by the proof, that there are no exceptions requiring a reversal of the judgment, and that it should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.

---

NOTE.— The rest of the cases of this term will be found in the next volume (80) Hun.— [REP.